UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 7

Minnie Marian Townsend,                                         Case No. 12-65079

    Debtor.                                                 Hon. Phillip J. Shefferly
_____/

**ORDER DISALLOWING BANKRUPTCY PETITION PREPARER'S FEE
AND DIRECTING THAT THE FEE BE IMMEDIATELY TURNED OVER TO THE TRUSTEE**

On November 14, 2012, the Debtor filed this Chapter 7 case pro se. On November 14, 2012, the Debtor filed a declaration (docket entry no. 5) under penalty of perjury stating that the Debtor had help from a bankruptcy petition preparer in preparing the documents for this bankruptcy case. The declaration identified Toni Glover as the person that helped the Debtor, and stated that the Debtor paid $599.00 for such help. The Court is entering this order to require Toni Glover to disgorge the fee paid for the following reasons.

On April 20, 2010, the Bankruptcy Court for the Eastern District of Michigan entered Administrative Order No. 10-21 fixing the maximum allowable fee chargeable by a bankruptcy petition preparer at $100.00. That order provided that a bankruptcy petition preparer may file a motion with the Court seeking fees in an amount greater than the $100.00 fee, provided that the bankruptcy petition preparer complies with the requirements of that order. The order requires that the motion must be filed within 14 days from the date of the bankruptcy petition, accompanied by an affidavit stating the facts that support the increased fee, and stating that the Debtor has reviewed the motion and affidavit prior to its filing with the Court.

Although the fee paid by the Debtor to the bankruptcy petition preparer in this case exceeds the maximum amount chargeable under Administrative Order No. 10-21, the bankruptcy petition preparer did not file a motion requesting an increased fee. The fact alone requires disgorgement.

Second, a bankruptcy petition preparer is required to sign and file Official Form B19, which is a declaration providing the Court with certain information about the bankruptcy petition preparer, and requiring certain disclosures be made pursuant to § 110 of the Bankruptcy Code. That form is not optional. The bankruptcy petition preparer in this case failed to file it. That fact alone also requires disgorgement.

In addition to the requirement that a bankruptcy petition preparer must file an Official Form B19, there is a local form in the Eastern District of Michigan that a bankruptcy petition preparer must also sign and file. That is the Declaration Under Penalty of Perjury for a Debtor Without an Attorney. The Debtor in this case filed the form, but it was not signed by the bankruptcy petition preparer. Again, one more reason requiring disgorgement of the fee paid in this case.

Section 110(h)(3)(A)(i) of the Bankruptcy Code requires the Court to disallow and order the immediate turnover to the bankruptcy trustee of any fee paid to a bankruptcy petition preparer found to be in excess of the value of the services rendered by such bankruptcy petition preparer. The fee paid in this case was $599.00. That is an outrageous fee by any measurement and also exceeds what it likely would have cost to pay an attorney to file and handle this Chapter 7 case. It is six times the maximum fee allowed under this Court's Administrative Order No. 10-21. Generally, there are no services that a bankruptcy petition preparer can lawfully perform under § 110 of the Bankruptcy Code that warrant a fee of $599.00. More particularly, a review of the file in this case does not show that there were services rendered by the bankruptcy petition preparer that come anywhere close to having a value of $599.00. In short, it is a patently unconscionable fee.

The bankruptcy petition preparer charged a fee far in excess of the reasonable value of services rendered in this case. Worse, the bankruptcy petition preparer completely ignored all of the filing requirements of the Bankruptcy Code and this Court, and has concealed from this Court information that the bankruptcy petition preparer is required by law to disclose. For all these reasons,

**IT IS HEREBY ORDERED** that the $599.00 fee paid by the Debtor to bankruptcy petition preparer Toni Glover is disallowed.

**IT IS FURTHER ORDERED** that bankruptcy petition preparer Toni Glover must immediately pay the sum of $599.00 to the Chapter 7 Trustee in this case, Wendy Turner Lewis, 444 West Willis Street, Suite 101, Detroit, Michigan 48204.

**IT IS FURTHER ORDERED** that the Chapter 7 Trustee shall file with the Court a notice informing the Court when the $599.00 fee has been paid in full to the Chapter 7 Trustee. In the event that the entire $599.00 fee has not been paid in full by Toni Glover to the Chapter 7 Trustee by **December 21, 2012**, the Chapter 7 Trustee shall file a notice informing the Court of such fact, and the Court will determine what further action is appropriate to compel the enforcement of this order.

.

**Signed on December 03, 2012**

                                                                            /s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**